LEAANA L. FUATA, Claimant

v.

I.S. MULITAUAOPELE and FOFOGAOTUMUA KONELIO MULITAUAOPELE, Objectors

[In the Matter of the Matai Title "MULITAUAOPELE" of the Village of Lauli'i]

High Court of American Samoa
Land and Titles Division

MT No. 5-89

November 13, 1990

Before REES, Associate Justice, TAUANU'U, Chief Associate Judge, AFUOLA, Associate Judge, MATA'UTIA, Associate Judge, and TAIMANU, Associate Judge.

Counsel: For Claimant, Tau'ese P.F. Sunia
 For Objector Konelio, Gata E. Gurr
 Objector Pele Ivi pro se

On Motion to Direct Registration of Matai Title and Motion for Stay of Execution:

Objector F. Konelio Mulitauaopele, who has been held entitled to hold the matai title "Mulitauaopele" in the Village of Lauli'i, now moves for an order directing the Territorial Registrar to register the title in his name. Objector I.S. Mulitauaopele, on whose motion for new trial we had not yet ruled at the time the present motion was made, counter-moves for a stay of execution of the Court's judgment that Konelio should hold the title.

Konelio's motion appears to have been made necessary by a policy in the Office of the Territorial Registrar against the formal registration of matai titles, even when the Court has held one candidate entitled to the title, pending resolution of post-trial motions and appeals. Despite the excellent motives that obviously underlie this policy and the excellent sense it makes in most cases, the Registrar's refusal in this instance may technically violate the Court's order. Ordinarily a judgment of the High Court is automatically stayed for ten days in order to allow the losing party or parties opportunity to move for new trial. T.C.R.C.P. Rule 62(a). A party who wishes a further stay pending consideration of his motion for new trial or pending appeal should so move, and the Court may in its discretion grant such motions. *See* T.C.R.C.P. Rule 62(b), (d). In this case the opinion was rendered on August 8, 1990, and no stay was requested until October 16, 1990. It

72

would appear that at any time after August 18, no stay having been granted or applied for beyond the automatic 10-day stay, Konelio was entitled to register the title.

Having denied the motion for a new trial, we proceed to decide whether a stay should be granted pending appeal, if any. Such a decision entails three inquiries: (1) whether the losing party, should he prevail on appeal, will have suffered great or irreparable harm in the meantime if a stay should not be granted; (2) the harm, if any, that a stay would impose on the party who prevailed at trial; and (3) the likelihood of success on appeal. The first two criteria are commonly referred to as the "balance of hardships."

In most matai title cases the balance of hardships will militate strongly in favor of granting a stay pending appeal. The only hardship on the prevailing party is that he must wait a year or so to register the title. This is about how long it takes in any event to bring a family together after judicial resolution of a matai title controversy, and it is never a good idea to proceed with formal installation of a matai until such consensus has been achieved. On the other hand, should the party who prevailed at trial quickly register the title and proceed to hold the traditional ceremonies requisite to the installation of a matai, only to have his right to hold the title reversed on appeal, the consequences for the whole family could be disastrous. Many people inside and outside the family may regard the traditional formalities as having "vested" the new matai in a metaphysical sense, regardless of what the appellate court might have held. The ultimate winners, for their part, might justly regard the interim matai as a usurper who had committed a sort of sacrilege. It might take years to restore peace within the family. Should he wish to do so, and perhaps even if he should not so wish, the "pretender" could remain a source of uncertainty and conflict for the rest of his days.

Even though the possibility of reversal in any given matai title case must be regarded as quite low --- for the Appellate Division has rarely, if indeed ever, reversed a judgment of the Land and Titles Division in such a case --- the "balance of hardships" will generally weigh so heavily in favor of a stay as to be decisive.

The present case, however, is different from the run of the mill in several respects.

First, the only party who moved for new trial (and who, it would appear, plans to appeal the decision) was not a losing contender for the title but a person from outside the family. This party, Mulitauaopele Ivi, maintains that the family headed by him is the only true Mulitauaopele (Pele) family and that the unrelated family headed by the late Pele Tamotu had no right to exist and that its registered matai title should have no further holders. The usual dangers of not granting a stay, having to do with the difficulties of restoring harmony within the family in the event of a reversal, are not present. (The losing candidate who was a family member, Leaana Fuata, did not move for new trial and has told the Court through counsel that he has no objection to registration of the title by Konelio.) Should Pele Ivi prevail on appeal, he will have suffered only the indignity, if indignity it is, of not having been the only Mulitauaopele recognized by law during the interim. We cannot see that this will be any more undignified than having not been the only Mulitauaopele during the many years that the late Pele Tamotu held the title. It should, moreover, be fully cured by a court judgment such as the one Pele Ivi seeks, to the effect that he and his ancestors in title have always been the only legal Peles, and that he and his successors shall from that day forward be the only Peles in fact as well as law.

There is also an important difference between Konelio's circumstances and those of the typical prevailing matai candidate. It is undisputed that he was recently diagnosed as having a terminal illness and only a few months to live. If we stay the effects of our judgment pending appeal (and on the assumption that the appellate court will ultimately uphold the right of the Mulitauaopele/Leaana family to exist and to have a registered title holder), then Konelio will almost certainly be denied forever the satisfaction of having attained what he may justly regard as among the great accomplishments of his life.

Finally, we note that the trial court decision in this case is even less likely than most matai cases to be reversed on appeal. Of the five grounds stated in Pele Ivi's motion for new trial, three alleged no particular error and therefore can afford no basis for appeal. A fourth ground was an objection to a ruling to which the movant appears not to have objected at the time it was made. The fifth ground --- the only one which could sustain an exercise of appellate jurisdiction --- consists of allegations of judicial bias "against our Motion to Dismiss" said to have been manifested in questions asked by one of the judges *after* the Motion to Dismiss had already been denied.

74

In light of what would appear to be the extremely slight chance that the decision will be overturned on appeal, the great and irreparable harm that almost certainly will be suffered by Konelio if a stay is granted, and the relatively slight and curable harm that will be suffered by Pele Ivi if a stay is granted, we decline to grant a stay pending appeal.

We do, however, grant a stay until 4:00 p.m. on Tuesday, November 20, 1990, to allow the moving party to make a motion before the Appellate Division or a judge thereof for a stay notwithstanding our decision on this motion. If no further stay has been granted by then, Konelio will have the right to register the title.

It is so ordered.